. CLEVENGER, Circuit Judge,
concurring in the judgment.
I agree with the conclusion reached by the court, namely that the effective date of an award of compensation arising from a claim that had been reopened to consider new and material evidence is the date of receipt of the application for the award.
I arrive at the same conclusion based simply on the plain meaning of section 5110(a). “Therefor” in the statutory phrase “date of receipt of application therefor” can, in my mind, have only one referent. “Therefor” refers back to “award,” so the statute simply means, on its face, that “the effective date of an award based on a claim reopened after final adjudication [to consider new and material evidence] shall not be earlier than the date of receipt of the application for the award.” Likewise, the statute clearly says that the effective date of an award based on an original claim, or on a claim for increased benefits, shall not be earlier than the date of the application made to gain the particular award. That “application therefor” refers only to an application for a particular award seems beyond cavil: one applies for an award. One does not apply for a claim. The award for which one applies is based on a claim.
Whether the Secretary chooses to characterize a claim that is reopened to consider new and material evidence as a “new” claim or a reassessment of the original claim seems immaterial to me for purposes of ascertaining the meaning of section 5110(a). Under the plain meaning of the statute, the effective date of any award based on a claim “reopened after final adjudication” cannot be earlier than the date of the application seeking the award.
There is no ambiguity in section 5110(a) about the effective date of various awards *1333 to which the statute refers. The plain meaning of the statute governs.